<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL SAMPSON,

          Petitioner,

v.

MICHAEL RUSSO,

          Respondent.

Civil Action No. 21-4261 (JMV)

OPINION

**VAZQUEZ, District Judge:**

Petitioner, a state pretrial detainee, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (D.E. 1.)  For the following reasons, the Court will dismiss the Petition without prejudice for failure to exhaust.

I.     BACKGROUND

This case arises from Petitioner's pretrial detention and his ongoing state criminal proceedings.  By way of background, it appears that after a jury trial, Petitioner was convicted of first-degree murder and various child endangerment, weapons, and controlled dangerous substance ("CDS") offenses.  *State v. Sampson*, No. A-4923-16T4, 2019 WL 6271606, at *4 (N.J. Super. Ct. App. Div. Nov. 25, 2019), *cert. denied*, 226 A.3d 1196 (N.J. 2020).

Ultimately, the New Jersey Superior Court, Appellate Division, vacated the judgment on direct appeal, severed the charges, and remanded for separate trials. *Id*. at *12.  In reaching that conclusion, the Appellate Division ruled as follows:

> [T]he trial judge erred in denying defendant's motion to sever the CDS and child endangerment charges from the murder and weapons charges . . . we also reach the fifth argument because we agree the

> trial judge should have recused herself and, as a result, all future proceedings should take place before a different judge.

*Id*. at *5. The State appealed, and the Supreme Court of New Jersey denied certification. *State v. Sampson*, 226 A.3d 1196 (N.J. 2020). The remaining procedural history is unclear, but it appears that Petitioner is now awaiting trial on the severed charges.

Petitioner filed the instant § 2241 Petition on March 1, 2021. Petitioner raises various prosecutorial misconduct, double jeopardy, speedy trial, and due process claims. (D.E. 1, at 6–8.) Petitioner seeks his immediate release, quashing of the information against him, and an injunction to prevent his re-arrest. (*Id*. at 8.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, federal courts may "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.  DISCUSSION

Petitioner, a pretrial detainee, contends that he is entitled to habeas relief based on various prosecutorial misconduct, double jeopardy, speedy trial, and due process claims. For state inmates,

2

federal habeas corpus is generally a post-conviction remedy. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although this court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see id.*, federal courts must exercise that jurisdiction "sparingly" in order to prevent federal pretrial interference of "the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). As a result, district courts should not exercise jurisdiction at the pretrial stage without the exhaustion of state court remedies, unless the detainee presents extraordinary circumstances. *See id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). Exhaustion requires a petitioner to have fairly presented each federal ground raised in their petition to each level of the New Jersey courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013). Absent extraordinary circumstances, a district court should only exercise its pretrial habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication *and* has exhausted [his] state remedies." *Daniels*, 2019 WL 4749822, at *1 (emphasis added) (citing *Moore*, 515 F.2d at 443; *Sampson v. Ortiz*, No. 17-1298, 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017)).

Petitioner has not exhausted his state court remedies on these claims. Although the procedural history is unclear, in Paragraph 9 of the Petition, he states that he is "still awaiting [an] answer" from the Appellate Division on what appears to be an interlocutory appeal. (D.E. 1, at 3.) Additionally, it does not appear that Petitioner has filed a petition for certification to the Supreme Court of New Jersey on these new issues. Nor does the Petition allege any extraordinary circumstances that would justify pretrial habeas jurisdiction or provide a basis for the Court to intervene in Petitioner's state criminal proceedings. As noted, Petitioner seeks to challenge his

pre-trial detention and criminal charges based on prosecutorial misconduct, double jeopardy, speedy trial, and due process claims. Under any of these theories, "he is simply attempting to pre-litigate his defenses in this court prematurely." *See, e.g.*, *Ibrahim v. State*, No. 21-7407, 2021 WL 1660853, at *2 (D.N.J. Apr. 28, 2021).

As Petitioner has failed to exhaust his state court remedies and there are no extraordinary circumstances, the Court declines to exercise pretrial habeas jurisdiction and will dismiss the Petition without prejudice.

IV. **CERTIFICATE OF APPEALABILITY**

Under our jurisprudence, prisoners do not require a certificate of appealability to appeal decisions arising from petitions under 28 U.S.C. § 2241. *See, e.g.*, *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). State pre-trial detainees, however, must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, jurists of reason would not find it debatable that Petitioner has failed to exhaust his state court remedies and that the Court should not exercise pretrial habeas jurisdiction. Consequently, the Court will not issue a certificate of appealability.

V.      **CONCLUSION**

For the reasons discussed above, the Court will dismiss the Petition without prejudice for lack of jurisdiction and will not issue a certificate of appealability. An appropriate Order accompanies this Opinion.

Dated: 6/10/21

_____
JOHN MICHAEL VAZQUEZ
United States District Judge