<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MICHAEL SAMPSON, | : |
| Petitioner, | : Civil Action No. 21-4261 (JMV) |
| v. | : **OPINION** |
| MICHAEL RUSSO, | : |
| Respondent. | : |

**VAZQUEZ, District Judge:**

Before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), and two supplemental briefs. (ECF Nos. 4, 5, 6). Petitioner seeks to vacate the Court's June 10, 2021, decision dismissing his Petition under 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons stated in this Opinion, the Court will deny Petitioner's motion.

**I.     BACKGROUND**

As set forth in the Court's earlier Opinion:

> This case arises from Petitioner's pretrial detention and his ongoing state criminal proceedings. By way of background, it appears that after a jury trial, Petitioner was convicted of first-degree murder and various child endangerment, weapons, and controlled dangerous substance ("CDS") offenses. *State v. Sampson*, No. A-4923-16T4, 2019 WL 6271606, at *4 (N.J. Super. Ct. App. Div. Nov. 25, 2019), *cert. denied*, 226 A.3d 1196 (N.J. 2020).
>
> Ultimately, the New Jersey Superior Court, Appellate Division, vacated the judgment on direct appeal, severed the charges, and remanded for separate trials. *Id*. at *12. In reaching that conclusion, the Appellate Division ruled as follows:
>
>> [T]he trial judge erred in denying defendant's motion to sever the CDS and child endangerment charges from the

1

> murder and weapons charges . . . we also reach the fifth argument because we agree the trial judge should have recused herself and, as a result, all future proceedings should take place before a different judge.

*Id*. at *5. The State appealed, and the Supreme Court of New Jersey denied certification. *State v. Sampson*, 226 A.3d 1196 (N.J. 2020). The remaining procedural history is unclear, but it appears that Petitioner is now awaiting trial on the severed charges.

Petitioner filed the instant § 2241 Petition on March 1, 2021. Petitioner raises various prosecutorial misconduct, double jeopardy, speedy trial, and due process claims. (D.E. 1, at 6–8.) Petitioner seeks his immediate release, quashing of the information against him, and an injunction to prevent his re-arrest. (*Id*. at 8.)

After reviewing Petitioner's submissions, the Court declined to exercise pretrial habeas jurisdiction as Petitioner failed to exhaust his state court remedies and failed to establish extraordinary circumstances. The Court reasoned as follows:

> Petitioner, a pretrial detainee, contends that he is entitled to habeas relief based on various prosecutorial misconduct, double jeopardy, speedy trial, and due process claims. For state inmates, federal habeas corpus is generally a post-conviction remedy. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although this court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see id.*, federal courts must exercise that jurisdiction "sparingly" in order to prevent federal pretrial interference of "the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). As a result, district courts should not exercise jurisdiction at the pretrial stage without the exhaustion of state court remedies, unless the detainee presents extraordinary circumstances. *See id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). Exhaustion requires a petitioner to have fairly presented each federal ground raised in their petition to each level of the New Jersey courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013). Absent extraordinary circumstances, a district court should only exercise its pretrial habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication *and* has exhausted [his] state remedies." *Daniels*, 2019 WL 4749822, at *1

2

(emphasis added) (citing *Moore*, 515 F.2d at 443; *Sampson v. Ortiz*, No. 17-1298, 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017)).

Petitioner has not exhausted his state court remedies on these claims. Although the procedural history is unclear, in Paragraph 9 of the Petition, he states that he is "still awaiting [an] answer" from the Appellate Division on what appears to be an interlocutory appeal. (D.E. 1, at 3.) Additionally, it does not appear that Petitioner has filed a petition for certification to the Supreme Court of New Jersey on these new issues. Nor does the Petition allege any extraordinary circumstances that would justify pretrial habeas jurisdiction or provide a basis for the Court to intervene in Petitioner's state criminal proceedings. As noted, Petitioner seeks to challenge his pre-trial detention and criminal charges based on prosecutorial misconduct, double jeopardy, speedy trial, and due process claims. Under any of these theories, "he is simply attempting to pre-litigate his defenses in this court prematurely." *See, e.g.*, *Ibrahim v. State*, No. 21-7407, 2021 WL 1660853, at *2 (D.N.J. Apr. 28, 2021).

As Petitioner has failed to exhaust his state court remedies and there are no extraordinary circumstances, the Court declines to exercise pretrial habeas jurisdiction and will dismiss the Petition without prejudice.

Thereafter, Petitioner filed the instant motion for relief from judgment pursuant to Rule 60(b)(6). (D.E. 4.) Petitioner also submitted over 200 pages of mixed briefing and exhibits, that contain a wide variety of arguments, most of which are irrelevant to the issue of jurisdiction. (D.E. 4, 5, 6.)

## II.    STANDARD OF REVIEW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for any . . . reason other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d

113, 120 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom.*, *Wetzel v. Cox*, 135 S. Ct. 1548 (2015).

Rule 60(b) motions are left to the sound discretion of the district court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may only grant a Rule 60(b)(6) motion if a movant shows extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues. *Burns v. Warren*, No.13-1929, 2018 WL 1942516, at *2 (D.N.J. Apr. 25, 2018); *see also Cox*, 757 F.3d at 120.

### III.  DISCUSSION

For substantially the same reasons set forth in the Court's prior Opinion, (D.E. 2), Petitioner's arguments do not change the Court's conclusions on jurisdiction. Petitioner has failed to exhaust his state court remedies as he is presently awaiting a new trial. Petitioner also appears to concede that he has not presented his claims to each level of the state courts. Nor has Petitioner established extraordinary circumstances that would justify pretrial habeas jurisdiction.

The Court briefly addresses Petitioner's argument that the Court should excuse his failure to exhaust because exhausting his claims would be an "exercise in futility." (D.E. 4-1, at 10, 14.) In this matter, the Appellate Division reversed and remanded for a new trial, and Petitioner now possesses a myriad of avenues to present his claims. Petitioner could present his claims to the trial court, the Appellate Division, and the Supreme Court of New Jersey, and those courts could theoretically find in Petitioner's favor. As a result, it would not be futile for Petitioner to attempt to exhaust his claims. Accordingly, as Petitioner has failed to establish "extraordinary circumstances" to merit relief under Rule 60(b)(6), the Court will deny Petitioner's motion. *Cox*, 757 F.3d at 120.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for relief from judgment. An appropriate Order follows.

12/22/21
Date:

*[Signature]*
JOHN MICHAEL VAZQUEZ
United States District Judge

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for relief from judgment. An appropriate Order follows.

12/22/21
Date:

*[Signature]*
JOHN MICHAEL VAZQUEZ
United States District Judge