**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL SAMPSON,<br><br>    *Petitioner*,<br><br>v.<br><br>MICHAEL RUSSO,<br><br>    *Respondent*. | Civil Action<br>No. 21-4261 (MEF)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\*    \*    \*

Before the Court is the Petitioner's seventh motion for relief from judgment, made pursuant to Federal Rule of Civil Procedure 60(b)(6). See 7th Motion at 1-13 (Docket Entry 38).

For the reasons set out below, the motion is denied.[1]

\*    \*    \*

In March of 2023, this Court, per Judge Vazquez, denied the Petitioner's fifth and sixth motions for relief from judgment but did not rule as to whether a certificate of appealability should issue. See Motion for Relief Order at 1-2 (Docket Entry 31). The Petitioner appealed the March 2023 Order, see Notice (Docket Entry 32), and the Court of Appeals remanded for a decision on whether a certificate of appealability should issue. See Remand Order at 1 (Docket Entry 34).

By the time of the remand, Judge Vazquez had retired, and the case was reassigned to the undersigned. See Text Order (Docket Entry 35).

---

[1] The Petitioner is pro se, so his motion must be "liberally construed." See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In December of 2023, this Court entered an Order denying a certificate of appealability. See Appealability Order at 2-5 (Docket Entry 36).

Meanwhile, the Petitioner sought a certificate directly from the Court of Appeals. In March of 2024, that Court denied the request. See 3rd Circuit Order at 2 (Docket Entry 39).

\* \* \*

The Petitioner now moves for reconsideration of this Court's December Order. See Proposed Order at 2 (Docket Entry 38).

But there is a threshold problem with this motion.

Namely, the Court of Appeals' denial of the Petitioner's request for a certificate of appealability fully controls the current motion to reconsider this Court's decision not to issue a certificate of appealability.

The reason: the question being asked here by the Petitioner (should a certificate issue?) has already and directly been answered by a higher court. See generally Woodberry v. Bruce, 203 F. App'x 186, 189 (10th Cir. 2006) (holding that the denial of a certificate on appeal "divested the district court of any power to grant further, effective relief" and mooted the Rule 60(b) "attack on the district court's denial" of a certificate); Melter v. United States, No. 13-12, 2017 WL 3868808, at *3 (W.D. Pa. Sept. 5, 2017) (same); see also Johnson v. Warden, Chillicothe Corr. Inst., No. 15-00971, 2021 WL 1093238, at *1–2 (S.D. Ohio Feb. 3, 2021) ("[T]he Sixth Circuit's decision regarding whether a certificate of appealability should . . . issue . . . must be followed" and moots the claim that the district court erred on whether to issue a certificate.); United States v. Cook, No. 06-183, 2017 WL 2872369, at *3 (E.D. Ky. July 5, 2017) (same); Dilingham v. Warden, No. 13-468, 2017 WL 2569754, at *2 (S.D. Ohio June 14, 2017) ("[W]e have no power to issue a certificate when the court of appeals has determined on the same record . . . that a certificate is not warranted.").

In short, the current motion is wholly governed by the Court of Appeals' decision, and must be denied on that basis.[2]

---

[2] Whether such a denial might best be understood as a denial on mootness grounds or on preclusion grounds does not seem to matter; each is a threshold issue. Cf. Howard v. Wells Fargo Bank, N.A., 2024 WL 2044622, at *1 n.4 (D.N.J. May 8, 2024).

2

This said, the matter is not fully free from doubt.

This is because there is no governing Third Circuit habeas case precisely on point.

Outside the habeas context, "on remand[,] . . . after [a] decision by an appellate court, the [district] court must proceed in accordance with the . . . law of the case as established on appeal." Pardini v. Allegheny Intermediate Unit, 524 F.3d 419, 423 (3d Cir. 2008) (quoting Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985)); see also E.E.O.C. v. Kronos Inc., 694 F.3d 351, 361–62 (3d Cir. 2012); United States v. Loc. 560 (I.B.T.), 974 F.2d 315, 329 (3d Cir. 1992) ("When an appellate court decides a legal issue, that decision governs all subsequent proceedings in the same case."); Rozzelle v. Rossi, No. 98-1738, 2007 WL 2905728, at *1–2 (W.D. Pa. Sept. 30, 2007), aff'd, 307 F. App'x 640 (3d Cir. 2008) ("[T]he decision of the appellate court determines the law of the case, and the trial court cannot depart from it on remand.")(cleaned up)).

Accordingly, a district court may generally only "consider . . . issues not expressly or implicitly disposed of by the appellate decision." Kronos, 694 F.3d at 361–62, 370 (quoting Bankers Trust, 761 F.2d at 950); In re Chambers Dev. Co., Inc., 148 F.3d 214, 225 (3d Cir. 1998). Put differently, a district court may only enter orders that are "not inconsistent with the decision of the appellate court." McBride v. Int'l Longshoremen's Ass'n, 778 F.3d 453, 458 (3d Cir. 2015) (quoting Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848, 857 (3d Cir. 1994)); Chambers, 148 F.3d at 225.

This principle would seem to apply, as here, in the habeas context. And to the extent it does, the motion can be, and hereby is, denied at the threshold. See footnote 2. This is because there is nothing for this Court to do. The Court of Appeals has already declined to issue a certificate of appealability and that is what the Petitioner is now seeking from this Court.[3]

---

[3] To be sure, a lower court may sometimes be permitted to make a decision that is different from a higher court's. One example: when "new evidence" is available to the lower court. See Speeney v. Rutgers, The State Univ., 369 F. App'x 357, 361 (3d Cir. 2010); In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 439 (3d Cir. 2009); Hamilton v. Leavy, 322 F.3d 776, 787 (3d Cir. 2003). But there is no new evidence here. First, the Petitioner presents only allegations. These are not evidence. See Vo v.

3

\*   \*   \*

Given the possible doubt (sketched out just above) associated with a threshold denial of the Petitioner's motion, the Court briefly considers the merits.

On the merits, the motion also fails.

The current motion for reconsideration is made under Rule 60(b). Under Rule 60(b)(6), a party may seek relief from a final order "for any . . . reason other than those listed elsewhere in the Rule." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (cleaned up); see generally Fed. R. Civ. P. 60(b).  A court may grant a Rule 60(b)(6) motion if the movant demonstrates "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 284 (3d Cir. 2021) (quoting Cox, 757 F.3d at 120); Satterfield v. Dist. Att'y Philadelphia, 872 F.3d 152, 158 (3d Cir. 2017) ("This is a difficult standard to meet, and such circumstances will rarely occur in the habeas context.") (cleaned up).

Under that standard, the motion must be denied.

In his motion, the Petitioner raises one relevant argument. See 7th Motion at 5-6.  He argues that county court officials refused some of his pro se filings in order to "hamper [his] exhaustion efforts." See id.  However, he does not identify when or why the filings were refused, or what their content was. See id. at 3-13.  And he does not explain how any alleged refusal related to an attempt on his part to exhaust remedies. See id.

The Petitioner only alleges that officials made "representations" and created a "barrier to [his] . . . access to the Court." Id.

---

Wetzel, 2022 WL 1467978, at *3 (3d Cir. May 10, 2022) ("Unsubstantiated allegations are not evidence of asserted facts."); In re New Jersey Tax Sales Certificates Antitrust Litig., 750 F. App'x 73, 78 (3d Cir. 2018) ("Allegations are not evidence."). And second, even if these allegations are counted as evidence, that would not change the picture. This is because, as noted below, the Petitioner's allegations here are highly generic and entirely conclusory.  They do not add to the mix a meaningful increment of new information or new arguments.  Accordingly, they do not suggest the current motion is in some sense materially new, such that it is not directly controlled by the Third Circuit's prior decision.  See Speeney, 369 F. App'x at 361 (requiring materiality); Hamilton, 322 F.3d at 787 (same).

4

at 5. But he does not describe the substance of those representations or the manner in which they assertedly created a barrier. See id. at 3–13.

In short: the Petitioner's allegations are both vague and conclusory.

Therefore, they do not meet the "extraordinary circumstances" test required under Rule 60(b). See Vance v. McGinley, No. 21-3029, 2022 WL 1238352, at *1 (3d Cir. Apr. 27, 2022) ("[V]ague and undeveloped allegations do not demonstrate extraordinary circumstances[.]"); see also Creech v. Shoop, No. 22-3918, 2023 WL 5994583, at *3 (6th Cir. Mar. 7, 2023) (conclusory assertions are insufficient); Sorrells v. Lopatowski, 265 F. App'x 381 (5th Cir. 2008) (same); Stich v. Patel, 902 F.2d 1579 (9th Cir. 1990) ("vague and conclusory allegations" are insufficient); Michelson v. Duncan, No. 17-0050, 2020 WL 3511592, at *3 (W.D.N.C. June 29, 2020) (same); Weaver v. IndyMac Fed. Bank, FSB, No. 09-5091, 2019 WL 6173789, at *2 (S.D.N.Y. Nov. 20, 2019).[4]

\* \* \*

---

[4] Moreover, even if the Court were not to apply Rule 60(b)'s strict standard, and instead were to review the Petitioner's request for a certificate of appealability on a purely de novo basis --- that would not move the needle. Why? Because regardless of whether Rule 60 is in play, the Petitioner must still come forward with allegations that are a good deal more specific and less conclusory than the allegations he has put before the Court. See generally Curry v. Superintendent Mahanoy SCI, No. 22-3048, 2023 WL 7298574, at *1 (3d Cir. July 11, 2023) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)) (denying a certificate and noting that "vague and conclusory allegations . . . may be disposed of without further investigation"); Gay v. Foster, 791 F. App'x 748, 754 (10th Cir. 2019) (conclusory assertions are insufficient for a certificate); Wallace v. Clason, No. 02-7153, 2003 WL 1798943, at *1 (D.C. Cir. Mar. 28, 2003) (same); Moon v. Trombley, No. 07-13754, 2010 WL 3719077, at *1 (E.D. Mich. Sept. 17, 2010) ("conclusory or unsupported allegations" are insufficient); Estevez v. United States, 668 F. Supp. 2d 296, 298 (D. Mass. 2009); Jackson v. United States, No. 03-5682, 2006 WL 1084163, at *1 (D.N.J. Apr. 25, 2006).

5

In sum: the Petitioner's motion is denied as a threshold matter, and if the Court were to consider the motion on the merits, it would need to be denied on that basis, too.[5]

\*   \*   \*

IT IS, on this 13th day of May 2024:

**ORDERED** that the Clerk of the Court shall reopen this case for consideration of the Petitioner's latest submissions; and it is further

**ORDERED** that the Petitioner's seventh motion for relief from judgment (ECF No. 38) is denied; and it is further

**ORDERED** that the Clerk of the Court shall promptly serve a copy of this Order upon the Petitioner by regular United States mail and close this case.

_____
Michael E. Farbiarz, U.S.D.J.

---

[5] In denying the instant motion, it is not necessary to determine whether a new certificate should issue, as the denial of a certificate is unappealable. See Habeas Rule 11(a) ("If the [district] court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals[.]").